IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**JUSTIN BURNS**  **PLAINTIFF**
ADC #146885

v.  No: 5:19-cv-00143 JM-PSH

**WALTER WASHINGTON,** *et al.*  **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following Recommendation has been sent to United States District Judge James M. Moody Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

### I. Introduction

Plaintiff Justin Burns, an inmate at the Arkansas Department of Correction's Varner Unit, filed this *pro se* civil rights complaint against defendants Lieutenant Walter Washington and Sergeant Roosevelt Jones, raising excessive force and medical indifference claims. Doc. No. 2. Specifically, Burns alleges that Washington sprayed him with pepper spray on November 22, 2018, and did not take him to be cleaned afterwards. *Id.* at 4. Burns further alleges that Jones witnessed Washington's actions and did not "do his job" as a sergeant, presumably by failing to protect him or ensure that he was decontaminated afterwards. *Id.* After the complaint was served on the defendants, Burns filed two amended complaints, Doc. Nos. 6 & 15. In each of the amended

complaints, Burns alleged defendants also violated his fourteenth amendment equal protection rights. Burns' equal protection claims were dismissed for failure to state a claim upon which relief may be granted. *See* Doc. Nos. 18 & 22.

The defendants filed a motion for summary judgment, a brief in support, and a statement of facts claiming that Burns had not exhausted his claims against them before he filed this lawsuit (Doc. Nos. 25-27). Despite the Court's order notifying Burns of his opportunity to file a response and statement of disputed facts, he did not do so.[1] Doc. No. 28. Because Burns failed to controvert the facts set forth in defendants' statement of undisputed facts, Doc. No. 26, those facts are deemed admitted. *See* Local Rule 56.1(c). For the reasons described herein, the undersigned recommends the defendants' motion for summary judgment be granted.

## II.  Legal Standard

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). An assertion that a fact cannot be disputed or is genuinely disputed must be supported by materials in the record such as "depositions, documents, electronically stored

---

[1] Burns was also notified if he failed to file a response and statement of disputed facts, the Court could assume that the facts set out in the defendants' statement of facts are true.

information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials . . .". FED. R. CIV. P. 56(c)(1)(A). A party may also show that a fact is disputed or undisputed by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(B). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

### III. Analysis

The defendants argue that they are entitled to summary judgment because Burns failed to exhaust his administrative remedies with respect to them before he filed this lawsuit. In support of their motion, the defendants submitted the ADC's grievance policy (Doc. No. 26-1); a declaration by Shirley Lowe, the ADC's Inmate Grievance Supervisor (Doc. No. 26-2); and a copy of Grievance VSM18-03469 (Doc. No. 26-3).

The PLRA requires an inmate to exhaust prison grievance procedures before filing suit in federal court. *See* 42 U.S.C. §1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002). Exhaustion under the PLRA is mandatory. *Jones v. Bock*, 549 U.S. at 211. The PLRA's exhaustion requirement applies to all inmate suits about prison life whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The PLRA does not prescribe the manner in which exhaustion occurs. *See Jones v. Bock*, 549 U.S. at 218. It

merely requires compliance with prison grievance procedures to properly exhaust. *See id*. Thus, the question as to whether an inmate has properly exhausted administrative remedies will depend on the specifics of that particular prison's grievance policy. *See id*.

Pursuant to the ADC's grievance policy (AD 14-16), inmates are provided Unit Level Grievance Forms as part of the Inmate Grievance Procedure. Doc. No. 26-1 at 4. To resolve a problem, an inmate must first seek informal resolution by submitting a Step One Unit Level Grievance Form ("Step One") within 15 days after the occurrence of the incident. *Id.* at 5. Inmates are to "specifically name each individual involved for a proper investigation and response to be completed by the ADC." *Id*. at 4. An inmate must be "specific as to the substance of the issue or complaint to include the date, place, personnel involved or witnesses, and how the policy or incident affected the inmate submitting the form." *Id*. at 5-6. A problem solver investigates the complaint and provides a written response at the bottom of the form. *Id*. If the inmate is not satisfied with the resolution, he may then complete Step Two of the grievance procedure and submit the form as a formal grievance ("Step Two"). *Id.* at 8. If the inmate receives no response, or if the inmate is not satisfied with the response, the inmate can appeal to the appropriate Chief Deputy/Deputy/Assistant Director within five working days. *Id.* at 10-11. A written decision or rejection of an appeal is the end of the grievance process. *Id.* at 12. According to the ADC's grievance policy, the entire grievance procedure should be completed within 76 working days absent an extension or unforeseen circumstances. *Id.* at 13. The grievance policy specifically states that inmates must exhaust administrative remedies at all levels of the procedure before filing a federal civil rights lawsuit. *Id.* at 17.

Lowe states in her declaration that she reviewed grievances submitted by Burns between November 22, 2018, the date of the pepper spray incident, and the end of 2018. Doc. No. 26-2 at

1. She found one grievance filed by Burns relevant to his complaint allegations: Grievance VSM18-03469. *Id.* Burns submitted VSM18-03469 as a Step One grievance on November 26, 2018. Doc. No. 26-3 at 1. Burns stated:

> On Nov. 22, 2018 at appox. 1:00 pm LT. Washington use unnessary use of force. He spray me for no reason. He pepper spray on the side in under the door in left me in the cell. He didn't take me out the cell to clean. I didn't get wrote up. I have witness to his action. CO2 Ms. Goodwin in Sgt. Jones in the camera this matter need to be handled.[2]

*Id.* Burns proceeded to Step Two on December 6, 2018. *Id.* The warden responded on May 3, 2019, and found Burns' grievance with merit. The warden specifically found:

> This incident was referred to Internal Affairs for further investigation. It was found that you attempted to dash staff through the crack on the door, staff did spray chemical agent on the door while at your cell but did not spray you with chemical agent. However no inmate will be privy to any corrective action taken or not taken on staff. Therefore I find your grievance with merit.

*Id.* at 2. The warden's response contained a blank space designated for Burns to state his basis for an appeal to the Deputy Director. Burns appealed on August 15, 2019, more than three months later. *Id.* at 2-3. In his appeal, Burns disagreed with the warden's response "because I was pepper spray from the side of the door in mace did get on my body I wasn't take out the cell I was left in the cell with mace in my cell in mace on me." *Id.* at 3. Lowe's affidavit states that Burns did not include the Attachment I form with his appeal as required by the ADC's grievance policy, and the appeal was rejected for that reason. *Id.* at 3; Doc. No. 26-2.[3]

---

[2] The Court quotes Burns' grievance verbatim with no corrections for spelling, etc.

[3] The ADC grievance policy also requires an inmate to appeal from the warden's decision within five working days to the Deputy Director. Doc. No. 26-1 at 11. Burns' appeal was filed more than three months after the warden's decision. However, according to Lowe, it was not rejected for this reason. The rejection of the appeal is noted on the document, which states "Failing to follow policy has resulted in a rejection for this appeal and marks the end of the appeal process." Doc. No. 26-3 at 3. While the rejection did not identify what policy was not followed, Lowe's undisputed affidavit states that the rejection was based on Burns' failure to submit Attachment I.

5

The ADC grievance policy requires an inmate to include Attachment I, which is the original Unit Level Grievance Form, when appealing the warden's decision. The policy also notifies the inmate that if Attachment I is not submitted with the appeal, "the appeal may be returned to the inmate as rejected." Doc. No. 26-1 at 11. It is undisputed that Burns failed to submit Attachment I with his appeal to the Deputy Director as required by the grievance policy.[4] It is also undisputed that Burns' appeal was rejected because of his failure to submit Attachment I. Doc. No. 26-2 at 4. Because Burns failed to follow the ADC's grievance policy, and his appeal was rejected for that reason, grievance VSM18-03469 does not serve to exhaust his claims.

### IV. Conclusion

Burns did not exhaust his administrative remedies with respect to his claims against the defendants. The defendants' motion for summary judgment (Doc. No. 25) should therefore be granted, and Burns' claims should be dismissed without prejudice.

DATED this 27th day of November, 2019.

_____
UNITED STATES MAGISTRATE JUDGE

---

[4] Doc. No. 26-1 at 11. Even if Burns did not receive the original white form back from the problem solver, he should have had the yellow or pink copies of his original grievance. *See id.* at 6.